IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTHONY J. SCHALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 8:22-cv-317 |
| v. | ) |
| | ) |
| NODAK INSURANCE COMPANY, | ) |
| BATTLE CREEK MUTUAL | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' NOTICE OF AND PETITION FOR REMOVAL

Defendants Nodak Insurance Company ("Nodak") and Battle Creek Mutual Insurance Company ("Battle Creek") (collectively, Defendants), by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1367, and 1441, and in accordance with the Federal Rules of Civil Procedure and Nebraska Civil Rules, hereby files this Notice of and Petition for Removal of a case from the District Court of Buffalo County, Nebraska, bearing Case No.CI 22-397. As grounds for this removal, Defendant states the following:

### BACKGROUND

1. On August 17, 2022, Plaintiff filed his Complaint ("Complaint") against Defendants in the District Court of Buffalo County, Nebraska, Case No. CI 22-397. A copy of the Complaint is attached with Exhibit A to this Notice.

### TIMELY REMOVAL

2. On August 23, 2022, Defense counsel accepted service of the Complaint on behalf of the Defendants. The time period under 28 U.S.C. § 1446(b) for Defendants to file this Notice of Removal has not expired.

## BASES FOR REMOVAL

3. Plaintiff has asserted claims against Defendants for alleged violations of the Americans with Disabilities Act of 1990, as amended ("ADAAA"), 42 U.S.C. §12101, *et seq.*, and the Nebraska Fair Employment Practices Act ("NFEPA"), NEB. REV. STAT. § 48-1104, *et seq*.

4. This Court has original jurisdiction over Plaintiff's ADAAA claims pursuant to 28 U.S.C. § 1331.

5. Plaintiff's Nebraska state law claims under NFEPA are so related to Plaintiff's ADAAA claims that they form part of the same case or controversy.

6. In particular, Plaintiff relies on the same set of factual allegations to form his ADAAA and state law claims of disability discrimination, failure to accommodate, and retaliation. *See* Exhibit A, pp 1-4.

7. This Court has supplemental jurisdiction over Plaintiff's NFEPA state law claims pursuant to 28 U.S.C. § 1367(a).

## VENUE

8. Venue is proper in this Court. The United States District Court for the District of Nebraska is the Division which encompasses Buffalo County, the district in which the state court case was filed. Thus, the United States District Court for the District of Nebraska is the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

## NOTICE OF COMPLIANCE WITH PROCEDURAL REQUIREMENTS

9. An accurate copy of all process, pleadings, orders, and other papers or exhibits currently on file with the state court are attached to this notice of and petition for removal as Exhibit A as required by 28 U.S.C. § 1446(a).

10. Promptly after the filing of this Notice, Defendants will serve written notice of this removal on Plaintiff through his counsel and will file a copy of this Notice of Removal with the District Court of Buffalo County, Nebraska.

## REQUEST FOR PLACE OF TRIAL

Defendants respectfully requests that trial of this action be held in Omaha, Nebraska.

WHEREFORE, Defendants respectfully requests that this case be properly removed, that the Court accept jurisdiction over the action, and that this action be entered into the docket of this Court for further proceedings as if the action had originally been instituted in this Court.

Dated this 9th day of September, 2022.

Respectfully submitted,

*/s/ Nicholas B. McGrath*
Christopher E. Hoyme, #18993
Nicholas B. McGrath, #26830
JACKSON LEWIS P.C.
10050 Regency Circle, Suite 400
Omaha, Nebraska 68114
(402) 391-1991
Christopher.hoyme@jacksonlewis.com
Nicholas.mcgrath@jacksonlewis.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2022, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF System which sent notification of such filing to all parties of record.

*/s/ Nicholas B. McGrath*

4863-9139-1537, v. 1

Filed in Buffalo District Court
*** EFILED ***
Case Number: D09CI220000397
Transaction ID: 0018752934
Filing Date: 08/17/2022 03:14:52 PM CDT

IN THE DISTRICT COURT OF BUFFALO COUNTY, NEBRASKA

| | | |
|---|---|---|
| ANTHONY J. SCHALL, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | COMPLAINT |
| vs. | ) | |
| | ) | |
| NODAK INSURANCE COMPANY, | ) | |
| BATTLE CREEK MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff, Anthony J Schall, by and through his attorney, and for his complaint against the Defendants states and alleges as follows:

1. This is an action for violations of the Nebraska Fair Employment Practices Act (NFEPA), Neb. Rev. Stat. §48-1101 *et. seq.*, and the Americans with Disabilities Amendments Act (ADAAA), as amended, 42 U.S.C.A. §§ 12101 *et. seq.*.

2. This Court has original jurisdiction over the claims arising under state law and concurrent jurisdiction over the federal law claims.

3. At all times alleged, Anthony J Schall was a resident of Kearney, Buffalo County, Nebraska.

4. Defendant Battle Creek Mutual Insurance Company is a Nebraska corporation licensed to do business and was doing business in Nebraska at all times alleged herein.

5. Upon information and belief, Defendant NODAK Insurance Company is a foreign corporation and was doing business in Nebraska at all times alleged herein.

6. Defendants are employers as that term is defined by the statutes referenced herein.

7. The unlawful employment practices alleged herein took place in Nebraska.

8. Plaintiff filed timely administrative actions against Defendants with the Nebraska Equal Employment Opportunity Commission (NEOC) and the Equal Employment Opportunity Commission (EEOC).

**EXHIBIT A**

1

9. Plaintiff's NEOC administrative action brought against the Defendants is currently pending before that agency. The EEOC issued a Notice of Right to Sue on July 26, 2022. The instant action is timely.

10. Plaintiff is a disabled individual as that term is defined pursuant to the state and federal disability discrimination statutes noted herein. At all times relevant, Plaintiff was able to perform the essential functions of his position with the Defendants.

11. Plaintiff was employed by Defendants from June 2019 until March 11, 2022, and most recently held the position of Senior Claims Representative. At all times alleged, Plaintiff's work performance was satisfactory.

12. In September 2020, Plaintiff suffered a stroke. The stroke adversely impacted Plaintiff's abilities to engage in numerous major life functions. Notwithstanding his physical limitations, Plaintiff returned to work within weeks of this unfortunate medical event.

13. Notwithstanding his stroke, Anthony Schall excelled at his job; in fact, in 2021 Defendants awarded him the Customer Driven Award, and his 2021 evaluation (presented in February 2022) was satisfactory in all areas, except in the Customer Service category in which he received an 'Exceeds Standards.'

14. For nearly 16 months following his stroke, Defendants provided Plaintiff the reasonable accommodation he had requested. The granted accommodations provided did not pose an undue hardship or burden on Defendants.

15. Plaintiff engaged in protected activities by requesting that Defendants provide him with and/or utilizing the granted reasonable accommodations

16. Only after his doctor opined in February 2022 that Plaintiff should "avoid climbing on ladders and roofs" due to his permanent disability, Defendants terminated Plaintiff's employment on March 11, 2022, after he refused to resign.

17. Rather than firing Plaintiff, Defendants could have continued the reasonable accommodations previously provided, could have allowed Mr. Schall to use a drone to examine roofs (as drones had previously been provided to numerous adjusters employed Defendants), Defendants could have instituted the re-organization plan that had been suggested by other adjusters in February 2022, and/or granted other reasonable accommodation(s) to Plaintiff. All reasonable accommodations requested and/or suggested were flatly rejected by Defendants.

18. Defendants wholly failed to engage in the statutorily mandated deliberative process.

19. Defendants engaged in further discrimination and retaliation against Plaintiff when they rejected Plaintiff's February 2022 application for a Liability Claim Representative position even though Plaintiff was highly qualified for said position.

20. Defendants discriminated against the Plaintiff due to his disability and/or retaliated against him after he requested reasonable accommodation and/or engaged in other protected activities.

21. Defendants´ supervisors, managers, human resource personnel, and others were acting in the scope and course of their employment with the Defendants at all times alleged herein.

22. Defendants' conduct was willful and/or done in reckless disregard of the Plaintiff's statutory rights. Punitive damages are appropriate under the ADAAA.

23. As a result of the unlawful acts set forth herein, Plaintiff has sustained compensatory damages, lost wages, the value of job-related benefits and will continue to incur such damages into the future.

## COUNT I

Plaintiff incorporates paragraphs 1 through 23 as if fully set forth herein.

24. Because of his disability, Defendants discriminated against the Plaintiff in violation of the NFEPA and the ADAAA.

25. As a direct, proximate result of Defendants' aforementioned illegal conduct, Plaintiff has suffered compensatory damages and incurred significant lost wages and the value of job-related benefits and will continue to incur such damages into the future.

26. Due to Defendants' willful and/or reckless conduct, punitive damages are appropriate under federal law.

## COUNT II

Plaintiff incorporates paragraphs 1 through 26 as if fully set forth herein.

27. Defendants denied and failed to provide Plaintiff with reasonable accommodation(s) and/or to continue the accommodations previously provided and/or failed to engage in the statutorily mandated interactive process. Such conduct is violative of the NFEPA and the ADAAA.

28. As a direct, proximate result of Defendants' aforementioned illegal conduct, Plaintiff has suffered compensatory damages and incurred

significant lost wages and the value of job-related benefits and will continue to incur such damages into the future.

    29.    Due to Defendants' willful and/or reckless conduct, punitive damages are appropriate under federal law.

## COUNT III

Plaintiff incorporates paragraphs 1 through 29 as if fully set forth herein.

    30.    After Plaintiff engaged in one or more protected activities, Defendants retaliated against him in the terms, conditions, and privileges of his employment and unlawfully rejected his application for the position of Liability Claims Representative, a position for which Plaintiff was well qualified. Such retaliatory conduct is violative of the NFEPA and the ADAAA.

    31.    As a direct, proximate result of Defendants' aforementioned illegal conduct, Plaintiff has suffered compensatory damages and incurred significant lost wages and the value of job-related benefits and will continue to incur such damages into the future.

    32.    Due to Defendants' willful and/or reckless conduct, punitive damages are appropriate under federal law.

WHEREFORE, Plaintiff requests judgment against the Defendants in the following respects:

    (a)    Declaring the acts of the Defendants to be in violation of state and federal laws;

    (b)    Award the Plaintiff lost wages and the value of job-related benefits as well as prejudgment interest;

    (c ) Award the Plaintiff an appropriate amount of monetary damages for his compensatory damage claims;

    (d)    Order the Defendants to reinstate the Plaintiff to his previously held position and/or instate him to the Liability Claims Representative he sought and/or award him front pay and an appropriate amount for future lost job-related benefits in accordance with law;

    (e)    Award Plaintiff punitive and/or liquidated damages under federal law;

    (f)    Award the Plaintiff attorney's fees and costs;

    (g)    Award such relief as this Court deems just and proper.

                              ANTHONY J. SCHALL, Plaintiff
                              s/Kathleen M. Neary_____
                              Kathleen M. Neary #20212
                              Powers Law

411 South 13th Street, Suite 300
Lincoln, NE 68508
402/474-8000
kathleen@vpowerslaw.com

Filed in Buffalo District Court
*** EFILED ***
Case Number: D09CI220000397
Transaction ID: 0018752934
Filing Date: 08/17/2022 03:14:52 PM CDT

IN THE DISTRICT COURT OF BUFFALO COUNTY, NEBRASKA

| | | |
|---|---|---|
| ANTHONY J. SCHALL, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **PRAECIPE** |
| | ) | |
| NODAK INSURANCE COMPANY, | ) | |
| BATTLE CREEK MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

TO THE CLERK OF THE DISTRICT COURT:

Please issue summons for service upon Defendants' registered agents via certified mail, return receipt requested:

Defendant NODAK Insurance Company
Registered Agent:   Michael J Alexander
1101 1st Avenue North
Fargo, ND  58102-4651

Defendant Battle Creek Mutual Insurance Company
Registered Agent:   Bruce Zimmerman
603 South Preece Street
Battle Creek, NE  68715

Please email the issued summons to Kathleen Neary at kathleen@vpowerslaw.com.

FOR: ANTHONY J. SCHALL, Plaintiff
s/Kathleen M. Neary_____
Kathleen M. Neary #20212
Powers Law
411 South 13th Street, Suite 300
Lincoln, NE  68508
402/474-8000
kathleen@vpowerslaw.com

Filed in Buffalo District Court
*** EFILED ***
Case Number: D09CI220000397
Transaction ID: 0018752934
Filing Date: 08/17/2022 03:14:52 PM CDT

IN THE DISTRICT COURT OF BUFFALO COUNTY, NEBRASKA

| ANTHONY J. SCHALL, | ) | Case No. |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **DEMAND FOR JURY** |
| | ) | |
| NODAK INSURANCE COMPANY, | ) | |
| BATTLE CREEK MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff requests that trial by jury be held in Buffalo County, Nebraska, in the above captioned matter.

                                FOR: ANTHONY J. SCHALL, Plaintiff
                                s/Kathleen M. Neary_____
                                Kathleen M. Neary #20212
                                Powers Law
                                411 South 13th Street, Suite 300
                                Lincoln, NE 68508
                                402/474-8000
                                kathleen@vpowerslaw.com

| Image ID:      |  **SUMMONS**  |                       |
|----------------|---------------|-----------------------|
| D00043291D09   |               | Doc. No.    43291     |

IN THE DISTRICT COURT OF Buffalo COUNTY, NEBRASKA
Buffalo County Courthouse
P.O. Box 520
Kearney          NE 68848 0520

Anthony J Schall v. NODAK INSURANCE COMPANY

Case ID: CI 22    397

TO:   NODAK INSURANCE COMPANY

**FILED BY**
Clerk of the Buffalo District Court
08/17/2022

You have been sued by the following plaintiff(s):

   Anthony J Schall

Plaintiff's Attorney:   Kathleen M Neary
Address:                PO Box 84936
                        411 South 13th Street, Suite 300
                        Lincoln, NE 68501
Telephone:              (402) 474-8000

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself.

Date:   AUGUST 17, 2022      BY THE COURT:  *Sharon K Mauler*
                                             Clerk

Page 1 of 2

| Image ID: D00043291D09 | **SUMMONS** | Doc. No. 43291 |

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

    NODAK INSURANCE COMPANY
    1101 1st Avenue North
    Fargo, ND 58102

Method of service: Certified Mail
Registered Agent for NODAK Insurance Company is: Michael J Alexander.
  Address is noted above.

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

| | |
|---|---|
| **SERVICE RETURN** | Doc. No.     43291 |

BUFFALO COUNTY DISTRICT COURT
Buffalo County Courthouse
P.O. Box 520
Kearney          NE 68848 0520

To:
Case ID: CI 22     397 Schall v. NODAK INSURANCE COMPANY

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock \_\_M. I served copies of the Summons upon the party: _____

by _____

_____
_____

as required by Nebraska state law.

Service and return        $ _____

Copy                                    _____

Mileage \_\_\_\_miles           _____

　　TOTAL                    $ _____

Date: _____   BY: _____
                                                         (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____
_____

on the _____ day of _____ _____, as required by Nebraska state law.

　　　　　　　　　　　　　　　　　　　　_____

Postage $ _____   Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

To: NODAK INSURANCE COMPANY          From: Kathleen M Neary
    1101 1st Avenue North                   PO Box 84936
                                             411 South 13th Street, Suite 300
    Fargo, ND 58102                          Lincoln, NE 68501

**ATTACH RETURN RECEIPT & RETURN TO COURT**

| Image ID: | **SUMMONS** | |
|---|---|---|
| D00043292D09 | | Doc. No. 43292 |

IN THE DISTRICT COURT OF Buffalo COUNTY, NEBRASKA
Buffalo County Courthouse
P.O. Box 520
Kearney           NE 68848 0520

Anthony J Schall v. NODAK INSURANCE COMPANY

Case ID: CI 22     397

TO:  Battle Creek Mutual Ins. Co.

**FILED BY**
Clerk of the Buffalo District Court
08/17/2022

You have been sued by the following plaintiff(s):

   Anthony J Schall

Plaintiff's Attorney:    Kathleen M Neary
Address:                 PO Box 84936
                         411 South 13th Street, Suite 300
                         Lincoln, NE 68501
Telephone:               (402) 474-8000

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself.

Date:  AUGUST 17, 2022     BY THE COURT:  *Sharon K Mauler*
                                                   Clerk

| Image ID: D00043292D09 | **SUMMONS** | Doc. No. 43292 |
|---|---|---|

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

      Battle Creek Mutual Ins. Co.
      603 South Preece Street
      Battle Creek, NE 68715

Method of service: Certified Mail
Registered Agent for Battle Creek Mutual Ins. Co. is Bruce Zimmerman. Address is noted above.

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

| SERVICE RETURN | Doc. No.   43292 |
|---|---|

BUFFALO COUNTY DISTRICT COURT
Buffalo County Courthouse
P.O. Box 520
Kearney            NE 68848 0520

To:
Case ID: CI 22    397 Schall v. NODAK INSURANCE COMPANY

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons
upon the party:
_____

by _____

_____

_____

as required by Nebraska state law.

Service and return      $ _____

Copy                      _____

Mileage ____miles          _____

   TOTAL            $ _____

Date: _____   BY: _____
                                                 (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                                                 _____

Postage $ _____    Attorney for:  _____

The return receipt for mailing to the party was signed on _____, _____.

To: Battle Creek Mutual Ins. Co.         From: Kathleen M Neary
    603 South Preece Street                      PO Box 84936
                                                  411 South 13th Street, Suite 300
    Battle Creek, NE 68715                       Lincoln, NE 68501

**ATTACH RETURN RECEIPT & RETURN TO COURT**