IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTHONY J. SCHALL,<br><br>Plaintiff,<br><br>vs.<br><br>NODAK INSURANCE COMPANY,<br><br>Defendant. | 8:22CV317<br><br>ORDER |

    This matter is before the Court on Defendant's Statement of Objections to Magistrate Judge's Order (Filing No. 52) and Plaintiff's Statement of Objection to Magistrate Judge's Order (Filing No. 53). The Court has reviewed the Magistrate Judge's order (Filing No. 35) and the parties' submissions. Having done so, the Court finds the Magistrate Judge's findings were not clearly erroneous or contrary to law. Thus, the objections will be overruled.

### DISCUSSION

    On review of a decision of a magistrate judge on a non-dispositive matter, the district court may set aside any part of the magistrate judge's order that it finds clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A decision is "clearly erroneous" when, although there is evidence to support it, the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quotation omitted). A decision is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (quotation omitted). A magistrate judge is afforded broad discretion in the resolution of discovery disputes. *See Wilbur-Ellis Company LLC v. Gompert*, No. 8:21CV340, 2023 WL 2633653, at *2 (D. Neb. Mar. 24, 2023) ("[T]he magistrate

judge has very wide discretion in managing pretrial discovery"). *See also Wilbur-Ellis Company LLC v. Gombert,* No. 8:21CV340, 2023 WL 375125, at *2 (D. Neb. Jan. 24, 2023) ("If the magistrate judge's 'account of the evidence is plausible in light of the record viewed in its entirety, the court . . . may not reverse it even' though it might have weighed the evidence or decided the issue differently") (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985)).

1.  **Defendant's Objections**

Defendant objects to the portion of the Magistrate Judge's order which directed Defendant to "provide some sort of index, tool, or other mechanism of organization such that Plaintiff is not required to search 31,000 pages of documents" for information responsive to Plaintiff's discovery requests. (Filing No. 35). Defendant's objection will be overruled because the Magistrate Judge's ruling in this regard was not clearly erroneous or contrary to law. The Court agrees with the Magistrate Judge that Defendant should be required to do something that allows Plaintiff to readily determine which documents are responsive to which request. The Court understands Defendant's argument that ordering it to create a new document essentially puts the burden upon it to do Plaintiff's trial preparation. However, this is not what the Magistrate Judge ordered Defendant to do.

The Magistrate Judge's order only requires Defendant to somehow, in some way, organize the documents to indicate which of the 31,000 documents are responsive to each of Plaintiff's discovery requests. This can easily be accomplished by providing bates numbers for the responsive documents. The Magistrate Judge's directive is not unreasonable, erroneous, or contrary to law. Thus, as ordered by the Magistrate Judge, Defendant shall organize its production in some way to point Plaintiff to the specific, responsive documents for each discovery request—whether this be through updated discovery responses referencing bates numbers or some other method. Defendant shall do so within 30 days of this Order.

Defendant also objects to the portion of the Magistrate Judge's order which requires it to produce tax returns. Again, this objection will be overruled as the Magistrate Judge's conclusion is not clearly erroneous or contrary to law. The sought after documents are relevant to the issues in this case.

2.  **Plaintiff's Objection**

Plaintiff objects to that portion of the Magistrate Judge's order which requires Plaintiff, if he intends to suggest a specific amount or range to the jury for emotional distress damages, to disclose, by the close of discovery, the amount or range Plaintiff may seek at trial, as well as the basis for that figure or range. The Court finds the Magistrate Judge's ruling is not clearly erroneous or contrary to law. *See [Kutz v. NGI Cap., Inc., No. 22CV1623, 2023 WL 3790766, at *9 (D. Minn. June 2, 2023)](#)*. Therefore, Plaintiff must comply with the Magistrate Judge's order, to the best of his ability. However, if information learned after the close of discovery or other circumstance impacts Plaintiff's number, or range of numbers, previously provided, he must provide the new number(s) to Defendant as soon as practicable. Also, if necessary, this issue may be raised again after Plaintiff's initial disclosure, either by appropriate motion or during the telephone conference this Court will have with the attorneys prior to the start of the trial.

Accordingly,

**IT IS ORDERED** that the objections ([Filing No. 52](#); and [Filing No. 53](#)) to the Magistrate Judge's order are overruled. Defendant shall supplement its discovery responses within 30 days of this Order.

Dated this 8th day of January, 2025.

BY THE COURT:

Susan M. Bazis
United States District Judge